**Dolly HICKS, Appellant,**

v.

**Harry R. ARMSTRONG, D/B/A, Harry Armstrong Insurance Company, Kennell Premium Services, Inc., and Southern County Mutual Insurance Company, Appellees.**

**No. A14–85–718–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1986.

Rehearing Denied March 13, 1986.

James G. Kinser, Donald R. Hallmark, Houston, for appellant.

David A. Gibson, Timothy W. Ferguson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ROBERTSON and MURPHY, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment rendered in favor of appellee in a bill of review proceeding. While appellant presents four points of error, the only issue is whether summary judgment was properly granted. We affirm.

A brief review of the history of this proceeding is essential. In 1977, appellant filed her original petition in a suit involving a loss allegedly covered by insurance. The appellees answered and discovery was had. On May 4, 1981, this proceeding, along with various others, was dismissed for want of prosecution. On October 16, 1981, appellant filed a motion to reinstate, which

motion was amended on October 23, 1981. Both motions alleged lack of receipt of notice of intent to dismiss and attached to both was an affidavit from a deputy district clerk that "no notice whatsoever was ever sent" concerning the dismissal of the lawsuit. The order denying reinstatement, signed March 4, 1982, reflects that the motion to reinstate was heard on November 9th and that "the Court having reviewed the Motion to Reinstate and the pleadings on file herein as well as the arguments of counsel," denied the motion. Appellant did nothing further until July 23, 1982 when she filed her petition for bill of review. The basis of the petition was that she had been deprived of a hearing on the merits of her case because of the "official mistakes" of the district clerk in not sending notification of the intent to dismiss or the order dismissing the case for want of prosecution. Following the filing of answers by appellees, appellee Armstrong filed a motion for summary judgment contending that as a matter of law appellant was barred from proceeding on a bill of review. Appellee sets out two grounds for summary judgment. The first ground was that the doctrine of res judicata barred the relitigation of this claim, stating that the question of "official mistake" had previously been litigated and decided adversely to appellant. The second ground was that appellant had not alleged any facts to show that the "official mistake" was unmixed with any negligence on her part. Appellant responded to the motion stating that "there are genuine issues of material fact concerning the official mistake as alleged, and there not being a final adjudication of Plaintiff's claim and lawsuit, Defendant is not entitled to judgment as a matter of law." The trial court granted the motion.

In her first three points of error, appellant contends that fact issues exist concerning: 1) the failure of the district clerk to set a hearing date on the motion to reinstate within the six months provided by Rule 165a, and 2) the failure of the district clerk to send notice of the intent to dismiss for want of prosecution and the later order of dismissal. In her fourth point she contends res judicata does not bar proceeding by bill of review because her claims of "official mistake" had not been adjudicated. Since, in our view, appellant was not entitled to proceed by bill of review, we group all points for discussion.

Appellant argues that res judicata cannot apply because the issue of official mistake was never litigated. She reasons that the six month period in which the court could order reinstatement had expired before the court heard and ruled on her motion to reinstate. We agree that the period in which the court could order reinstatement had expired. We find, however, that even if the court had not heard and ruled on the motion to reinstate, the petition for bill of review would still be barred by res judicata.

The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963). We believe this rule clearly applies in this case where the appellant is attempting to bring a second attack upon the validity of the judgment of dismissal. As set forth below, we find that with the use of diligence the defense to dismissal, which appellant attempted to raise by bill of review, could have been tried in the former trial of this cause.

The rule governing reinstatement by the trial court following dismissal for want of prosecution is Rule 165a of the Texas Rules of Civil Procedure. Rule 165a at the time in question provided:

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's inten-

tion to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

In construing this rule, the supreme court, in *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762 (Tex.1978), stated:

Rule 165a contemplates these different situations: (1) When the party or his attorney receives either a mailed notice or actual notice prior to the expiration of twenty days after the dismissal order is signed, the court may reinstate the case within thirty days from the date of the dismissal order. (2) When the party or his attorney does not receive either the mailed notice or acquire actual notice within twenty days from the date of the dismissal notice, but thereafter does receive the mailed notice or acquire actual notice; the court may reinstate the cause within thirty days after the party or his attorney first received the notice or acquired actual notice. (3) After the expiration of six months from the date the order of dismissal is signed, the court may not reinstate the cause for any event. The remedy is, in that situation, by way of a bill of review. *Danforth*, 573 S.W.2d at 763.

In the case before us, the motion to reinstate is silent as to when appellant's counsel learned of the dismissal, but he certainly learned of it within the six months provided in the rule because he filed the original motion to reinstate on October 16th, some nineteen days prior to the expiration of the six months. It is clear, then, that appellant was provided a means for having her cause reinstated. Since notice was received within six months from the date of dismissal, her remedy was to petition for reinstatement within the six month period and within thirty days from the date notice was received. As set forth in *Danforth*, the remedy of a bill of review proceeding is available only if notice of the dismissal is not received within the six month period. It is further clear, then, that had appellant diligently pursued her motion to reinstate, it could have been ruled upon within the six months provided by the rule, and if denied, she had the right to appellate review by writ of error.

The issue resolves itself to whether appellant is now entitled to seek relief by bill of review. The supreme court stated in *French v. Brown*, 424 S.W.2d 893 (Tex. 1967) that one with an available appeal who fails to pursue that remedy is not entitled to seek relief by bill of review. And in *Rizk v. Mayad*, 603 S.W.2d 773 (Tex.1980), the court stated:

Just as a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so, a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate and a motion for new trial and has made a timely but unsuccessful appeal. *Rizk*, 603 S.W.2d at 776.

In a case with strikingly similar facts, the Dallas Court of Civil Appeals stated that "[a] bill of review is an equitable remedy available only to an unsuccessful litigant who, through no fault of his, has lost all remedies at law for obtaining review, such as motion for new trial, appeal or writ of error." *Cosper v. Aetna Life & Casualty Company*, 513 S.W.2d 121, 123 (Tex.Civ. App.—Dallas 1974, no writ). We believe these cases dictate the disposition of this bill of review proceeding.

In the petition for bill of review the appellant argues that the fact the motion to reinstate was not timely heard was not due to her lack of diligence. She alleged that a representative of her attorney requested from the clerk of the court "the earliest practicable date for the hearing" of the motion and the earliest date the clerk would give was November 9th. This date was not within the six month period in which the court could reinstate the case. The rule providing that the "court shall set the motion for hearing as soon as practica-

ble" does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. If the request had been called to the judge's attention and if the judge had failed to set the case within the time limit, such failure would have been erroneous and reviewable. *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ.App.—Houston [14th Dist.] 1975). This is not the case presented by the facts before us. The appellant has not shown that they called to the judge's attention the necessity of setting an earlier date for the hearing.

■ Appellant discovered the dismissal within the time the rule provided to her a remedy for resolution of the issue. Her failure to exercise the diligence demanded by the cases cited precludes her from now litigating the issue. We agree that appellant was precluded from proceeding by bill of review and that the trial court properly granted summary judgment. Appellant's points of error are overruled.

The judgment is affirmed.